# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT CLARK,

    Petitioner,

vs.

DWIGHT NEVENS, *et al.*,

    Respondents.

2:07-cv-1482-RCJ-GWF

**ORDER**

Robert Clark, a prisoner at the Southern Desert Correctional Center, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee for this action. (Docket #4). The petition shall now be filed and served on respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Petitioner has filed a motion for appointment of counsel. (Docket #1-2). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838

1  (1984).  However, counsel must be appointed if the complexities of the case are such that denial of
2  counsel would amount to a denial of due process, and where the petitioner is a person of such limited
3  education as to be incapable of fairly presenting his claims.  *See Chaney*, 801 F.2d at 1196; *see also*
4  *Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).  The petition on file in this action is well written and
5  sufficiently clear in presenting the issues that petitioner wishes to bring.  It does not appear that counsel
6  is justified in this instance.  The motion shall be denied.

7  **IT IS THEREFORE ORDERED** that the Clerk shall **FILE and SERVE** the petition upon the
8  respondents by certified mail.

9  **IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of
10  this order within which to answer, or otherwise respond to, the petition.  In their answer or other
11  response, respondents shall address any claims presented by petitioner in his petition as well as any
12  claims presented by petitioner in any Statement of Additional Claims.  Respondents shall raise all
13  potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and
14  procedural default.  **Successive motions to dismiss will not be entertained**.  If an answer is filed,
15  respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the
16  United States District Courts under 28 U.S.C. §2254.

17  **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General
18  of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration
19  by the Court.  Petitioner shall include with the original paper submitted for filing a certificate stating the
20  date that a true and correct copy of the document was mailed to the Attorney General.  The Court may
21  disregard any paper that does not include a certificate of service.  After respondents appear in this action,
22  petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.
23  . . .

1    **IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (Docket #1-
2    2) is **DENIED.**
3    DATED: March 18, 2008

_____
UNITED STATES DISTRICT JUDGE

25   (ec)