UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT CLARK, | ) | |
| Petitioner, | ) | 2:07-cv-1482-RCJ-GWF |
| vs. | ) | **ORDER** |
| DWIGHT NEVENS, *et al.*, | ) | |
| Respondents. | ) | |

This is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Robert Clark, a Nevada state prisoner. Before the Court is respondents' motion to dismiss (Docket #9) and petitioner's response (Docket #14).

**I.     Background**

On November 4, 2005, petitioner was charged by information with possession of a stolen vehicle. (Exhibit 2).[1]  In the information, the district attorney gave notice that petitioner had been convicted six times of felonies under State law. (Exhibit 2). On November 15, 2005, petitioner signed a guilty plea agreement in which he stipulated to be adjudged as a habitual criminal. The State and

---

[1] The exhibits referenced in this order were provided by respondents in support of their motion to dismiss and are found in the Court's record at Docket #10.

petitioner agreed to a sentence of 10 to 25 years in the Nevada Department of Corrections, and the State agreed not to file any other charges for non-violent offense of the 27 offenses which were being investigated. (Exhibit 4). Petitioner waived a preliminary hearing. On January 4, 2006, petitioner was sentenced under Nevada's Habitual Criminal Statute, to a minimum of 10 years and a maximum of 25 years in the Nevada Department of Corrections. (Exhibits 5 and 6). The judgment of conviction was filed on January 19, 2006. (Exhibit 7).

On August 23, 2006, petitioner's counsel filed a motion to withdraw as attorney of record, which the state district court granted on September 20, 2006. (Exhibits 8 and 9).

On February 21, 2007, petitioner filed a motion to correct illegal sentence in state district court. (Exhibit 10). The district court denied the motion by order filed March 13, 2007. (Exhibit 13). Petitioner appealed the denial of his motion to the Nevada Supreme Court. (Exhibit 14). In an order filed July 24, 2007, the Nevada Supreme Court affirmed the district court's denial of the motion to correct illegal sentence. (Exhibit 17). Remittitur issued on August 23, 2007. (Docket 18). This Court received petitioner's federal habeas petition on November 6, 2007. (Docket #1 and #6).

**II.    Discussion**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

In the present case, petitioner's judgment of conviction was filed on January 19, 2006. (Exhibit 7). The conviction became final when the period for filing an appeal expired. 28 U.S.C. § 2244(d)(1)(A). Under Nevada law, a party seeking to appeal his conviction has 30 days within which to file a notice of appeal. NRAP 41(a). Petitioner did not file a direct appeal. Thus, petitioner's conviction became final on February 19, 2006, which is 30 days after his judgment of conviction was entered. Petitioner had one year from that date, up to February 19, 2007, in which to file a federal habeas petition pursuant to the AEDPA deadline.

Petitioner filed nothing in the state district court between the date that his judgment of conviction was filed on January 19, 2006, until he filed a motion to correct illegal sentence on February 21, 2007. (Exhibit 10). By the time that petitioner filed his motion to correct illegal sentence on February 21, 2007, the federal one-year limitations period had already expired. Petitioner is not entitled to any tolling while his motion to correct illegal sentence was pending in state court. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (state collateral petition filed after expiration of AEDPA limitations period does not toll); *Green v. White*, 223 F.3d 1001, 223 F.3d 1001, 1003 (9th Cir. 2000) (no tolling for state petition

filed after the AEDPA limitations period had already run). The instant federal habeas petition was filed on November 1, 2007,[2] which was over 8 months after the expiration of the AEDPA statute of limitations.

In his opposition, petitioner asserts that his motion to correct illegal sentence was filed on February 19, 2007, the date he mailed the petition from prison. Nevada does not recognize the "prison mailbox rule" and has expressly rejected the rule for purposes of determining the filing date of state post-conviction petitions. *Gonzales v. State*, 118 Nev. 590, 592 (2002). While the Ninth Circuit has held that the mailbox rule applies to state as well as federal filings, the Ninth Circuit has expressly held that "because Nevada does not recognize a prison mailbox rule for post-conviction petitions, [a] petition [is] not filed under Nevada law until actually received by the clerk of court. *Koerner v. Grigas*, 328 F.3d 1039, 1044 n.1 (9th Cir. 2003). Accordingly, the date of filing of petitioner's motion to correct illegal sentence was February 21, 2007, the date on which the state district court stamped the motion "received" and file-stamped it. (Exhibit 10). Because the motion was filed after the expiration of the AEDPA limitations period, there is no statutory tolling while the motion was pending in state court.

Because the petition is untimely, this Court may only consider it if petitioner can demonstrate that extraordinary circumstances beyond his control made it impossible to file the petition on time. *See Beeler*, 128 F.3d at 1288. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In the instant case, petitioner has not demonstrated, and indeed does not even argue, that he is entitled to equitable tolling. Petitioner has not demonstrated any extraordinary circumstances which stood in his way or made it impossible to file his federal habeas petition in a timely manner. Petitioner

---

[2] This Court received the federal habeas petition on November 6, 2007. (Docket #6). Pursuant to the "mailbox rule," federal courts deem the filing date of a document (in a federal action) as the date that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988). At numbered item 5, page 1, of the federal petition, petitioner states that he mailed or handed the petition to a correctional officer for mailing to this Court on November 1, 2007. (Docket #6). The Court therefore deems the date of filing of the federal habeas petition as November 1, 2007.

is not entitled to equitable tolling. Because the federal habeas petition was untimely filed, and because petitioner is not entitled to statutory or equitable tolling, this action must be dismissed.[3]

### III.     Certificate of Appealability

The Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability. In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Where the court has dismissed a petitioner's habeas corpus petition on procedural grounds, however, the determination whether a certificate of appealability ("COA") issue becomes a two-part test. The Supreme Court has held that under such circumstances:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack,* 529 U.S. at 484. Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right, *and* that

---

[3] The Court does not reach the exhaustion or procedural default arguments made in respondents' motion to dismiss, because application of the AEDPA's statute of limitations disposes of this action.

1  jurists of reason would find it debatable whether the court's procedural ruling was correct. In cases where
2  there is a plain procedural bar to a petitioner's claims and the district court is correct to invoke that
3  procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court
4  erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Under
5  those circumstances "no appeal would be warranted." *Id.* Furthermore, the court may resolve either issue
6  first when the answer to one issue is more apparent from the record and arguments. *Id.* at 485; *see*
7  *Petrocelli v. Angelone,* 248 F.3d 877, 884 (9th Cir. 2001).

8  In the present case, petitioner's habeas petition is being dismissed because it was untimely
9  filed. The Court did not reach the merits of any of petitioner's constitutional claims because those claims
10 are barred by the AEDPA statute of limitations. Petitioner's habeas petition is time-barred and petitioner
11 failed to demonstrate that he is entitled to statutory or equitable tolling of the statute of limitations in this
12 case. No reasonable jurist could conclude that this Court's procedural ruling was in error. Petitioner is
13 not entitled to proceed further, and is not entitled to a certificate of appealability.

14 **IV.    Conclusion**

15 **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #9) is
16 **GRANTED**.

17 **IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 2244(d), petitioner's federal
18 habeas corpus petition is **DISMISSED** with prejudice.

19 **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT**
20 accordingly.

21 **IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

22
        DATED: January 5, 2009.
23

24                                              _____
                                                UNITED STATES DISTRICT JUDGE
25 (ec-p1)

26